## Preston v. Preston.

(Decided March 17, 1915.)

### Appeal from Lawrence Circuit Court.

Insurance—Acting as Agent in Violation of Statute.—One who undertakes, in violation of a statute, to act as agent for an insurance company not authorized to do business in this State, personally guarantees the solvency of the company, and its ability to perform its agreement, and is liable for loss sustained because of its insolvency or failure to perform its contract, to one contracting with it through such agent without knowledge that the company was not authorized to do business, and believing. that the agent was duly authorized irrespective of any false representa-

tions concerning its solvency, if the company itself would have been liable to the insured.

A. O. CARTER for appellant.

M. S. BURNS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Reversing.

The appellant, Frank A. Preston, who was the plaintiff below, is a property owner in Lawrence County. He brought this action against the appellee, Ed. Preston, who was the defendant below, to recover $1,200.00, the amount represented by an insurance policy which the petition alleged Ed. Preston, as an insurance agent, had fraudulently induced Frank Preston to procure from an insolvent fire insurance company, which was not authorized to do business in this State.

The circuit court sustained a demurrer to the petition as amended, and the plaintiff, Frank Preston, appeals.

In Vertrees v. Head & Matthews, 138 Ky., 83, it was held that one who undertakes, in violation of a statute, to act as agent for an insurance company not authorized to do business in this State, personally guarantees the solvency of the company and its ability to perform its agreement, and is liable for loss sustained because of its insolvency or failure to perform its contract to one contracting with it through such agent without knowledge that the company was not authorized to do business, and believing that the agent was duly authorized irrespective of any false representations concerning its solvency, if the company itself would have been liable to the insured.

The question for decision, therefore, is, does the petition as amended satisfy the rule of law above announced?

The petition alleges, in substance, that, on September 1st, 1912, the defendant, claiming to be the agent, and while he was the agent of the Franklin Fire Insurance Company, of Wilmington, Delaware, induced the plaintiff to take out a fire insurance policy upon his residence and his household goods, for $1,200.00, for which he paid a premium of $30.00 upon the delivery of the policy to him; that on November 18th, 1912, his house, while it was covered by the policy, was totally destroyed

by fire, with all of its contents, with the exception of a few inconsiderable articles of personalty; that he made demand upon said Franklin Fire Insurance Company for said sum of $1,200.00, which it wholly failed to pay; that at the time the policy was issued said insurance company had discontinued business, and that fact was known to the defendant, but unknown to the plaintiff; that, at the time the policy was issued, said Franklin Fire Insurance Company was not authorized to transact business in the State of Kentucky, and had never, at any time, any authority under the laws of Kentucky to do business in the State of Kentucky, which fact was known to the defendant; that in order to deceive and defraud the plaintiff and induce him to take out said policy, the defendant falsely and fraudulently represented to plaintiff that said insurance company was a good and reliable company, when, in fact, it was not a reliable company, but was insolvent; that plaintiff took out said policy relying upon said representations to be true, and believing them in good faith to be true, and that he would not have taken out said policy but for said false and fraudulent statements and representations of the defendant.

The amended petition further states that the property insured was of the actual cash value of $1,200, and that at the time of said fire said policy was in full force and effect; that plaintiff had complied with all the requirements, provisions, conditions and terms of said policy; that said fire was not caused by any of the agencies mentioned in the said policy which would excuse the company from liability, and that the insolvency of said company was the sole reason for its failure to pay said policy.

Although the petition is somewhat inartificially drawn, it contains the averments of fact above set forth, which, if true, would justify a recovery under the rule laid down in Vertrees v. Head & Matthews, above quoted.

It is proper to say that the Vertrees case was not called to the attention of the circuit judge when he sustained the demurrer to the petition.

It follows, therefore, that the demurrer to the petition should have been overruled.

The judgment is reversed and the case remained, with instructions to overrule the demurrer to the petition and for further proceedings.